EXHIBIT 1

**MURPHY LAW GROUP, LLC**
By: Benjamin Salvina, Esquire
Attorney, I.D. No. 311270
Michael Murphy, Esquire
Attorney I.D. No.  91262
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com

Attorneys for Plaintiff, Dorothy Beckwith

| | | |
|---|---|---|
| DOROTHY BECKWITH | : | **Lancaster County** |
| 1 E Main Street 1, Apt. 2 | : | **Court of Common Pleas** |
| Mountville, PA 17554 | : | **Civil Division** |
| | : | |
| Plaintiff, | : | Civil Action No.: CI-21-02277 |
| v. | : | |
| | : | |
| EPHRATA COMMUNITY HOSPITAL d/b/a | : | |
| WELLSPAN EPHRATA COMMUNITY | : | |
| HOSPITAL | : | |
| 169 Martin Ave | : | |
| Ephrata, PA 17522 | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and in filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LANCASTER COUNTY BAR ASSOCIATION
28 E Orange Street
Lancaster, PA 17602
(717) 393-0737

1

**MURPHY LAW GROUP, LLC**
By: Benjamin Salvina, Esquire
Attorney, I.D. No. 311270
Michael Murphy, Esquire
Attorney I.D. No. 91262
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com                    Attorneys for Plaintiff, Dorothy Beckwith

| | | |
|---|---|---|
| DOROTHY BECKWITH | : | **Lancaster County** |
| 1 E Main Street 1, Apt. 2 | : | **Court of Common Pleas** |
| Mountville, PA 17554 | : | **Civil Division** |
| | : | |
| Plaintiff, | : | Civil Action No.: CI-21-02277 |
| v. | : | |
| | : | |
| EPHRATA COMMUNITY HOSPITAL | : | |
| WELLSPAN EPHRATA COMMUNITY | : | |
| HOSPITAL | : | |
| 169 Martin Ave | : | |
| Ephrata, PA 17522 | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------

## SECOND AMENDED COMPLAINT – CIVIL ACTION

Plaintiff, Dorothy Beckwith ("Plaintiff"), by and through her undersigned attorney, for her Second Amended Complaint against Defendant, Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital. ("Defendant"), alleges as follows:

1.    Plaintiff initiates this action contending that Defendant violated her rights protected under the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.,* by wrongfully discharging Plaintiff for making good faith reports and/or complaints of wrongdoing by Defendant. In addition, Plaintiff avers that Defendant violated Pennsylvania public policy by discharging Plaintiff for refusing to engage in illegal activity.

2.      Plaintiff further alleges that Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, by terminating Plaintiff because of her age and/or because Plaintiff made a good faith Complaint of age discrimination.

## PARTIES

3.      Plaintiff Dorothy Beckwith, is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1 E Main Street 1, Apt. 2., Mountville, PA 17554.

4.      Defendant Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital, is a non-profit entity with a registered office address in the Commonwealth of Pennsylvania, where it maintains a place of business located at 169 Martin Ave, Ephrata, PA 17522.

## JURISDICTION AND VENUE

5.      Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6.      On or about April 12, 2021, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2021-02943.  Plaintiff's EEOC Charge was filed within three hundred (180) days of the unlawful employment practice.

7.      By correspondence dated August 10, 2021, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

8.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

3

9.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

10.     Plaintiff initiated this action by filing a Civil Action Complaint ("Initial Complaint"), against Defendant on April 12, 2021

11.     Plaintiff's Initial Complaint was filed within the statutory time frame applicable to her Complaint.

12.     This Court has jurisdiction over this action pursuant to 42 Pa. C.S.A. § 931 as Defendant is a non-profit entity that resides in and regularly conducts business in the Commonwealth of Pennsylvania.

13.     Venue in this Court is proper pursuant to 42 Pa. R.C.P. §§ 1006(b), 2179(a) because Defendant maintains a place of business in Lancaster County and Plaintiff's claims arise from adverse action(s) and occurrence(s) that took place in Lancaster County.

## FACTUAL ALLEGATIONS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Defendant hired Plaintiff on or about April 1, 2019, in the position of Nurse in Defendant's Emergency Department.

16.     At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no justifiable discipline.

17.     Plaintiff was initially hired by Defendant's Emergency Room Nurse Manager, Sandy Reedy ("Ms. Reedy"), who is approximately sixty (60) years of age.

18.     Shortly thereafter, Ms. Reedy was forced to separate from Defendant, and replaced by interim Manager, Kristy Ruiz ("Ms. Ruiz").

4

19.     Then, in or around September 2019, Nicholina Heitz ("Ms. Heitz"), who is approximately twenty-five (25) years of age, accepted Defendant's Emergency Room Nurse Manager position.

20.     Beginning in or around August 2020, Plaintiff began receiving write-ups by Ms. Ruiz.

21.     Specifically, Plaintiff would be written up for taking longer than thirty (30) minutes to prepare a patient's room, as per Defendant's "Safe Environment Checklist," despite the fact Plaintiff provided documented reasons for each delay Plaintiff experienced while preparing each room.

22.     Plaintiff was advised by Defendant's Emergency Room Charge Nurse, Seth Wenger ("Mr. Wenger"), that Plaintiff should not be getting written up for taking longer during Defendant's Safe Environment Checklist, as it is not a policy through WellSpan.

23.     Plaintiff was further advised by Mr. Wenger, that Plaintiff should "fly under the radar," and that he enjoyed working with Plaintiff and did not know why Plaintiff was being "targeted."

24.     Notably, Defendant's thirty (30) minute room prepping procedure pertains to Defendant's psychiatric patients.

25.     Furthermore, this policy is not universally enforced and/or implemented at Defendant's other locations.

26.     Moreover, Ms. Ruiz began asking Defendant's Charge Nurses about Plaintiff specifically each night.

5

27.     By way of example, on or about September 26, 2020, Ms. Ruiz asked Defendant's Charge Nurse, Jennifer Long ("Ms. Long"), whether Plaintiff "did anything wrong," during Plaintiff's shift, and did not inquire about Defendant's other employees.

28.     Then, on or about September 30, 2020, Defendant's Payroll employee, Candy Ludwig ("Ms. Ludwig"), informed Plaintiff that Ms. Ludwig overheard a conversation in the office of Defendant's Director of Emergency Services, Ori Chambers ("Mr. Chambers"), regarding a list of eight (8) to ten (10) nurses that Ms. Heitz wanted terminated from employment.

29.     By way of background, Mr. Chambers was overtly affectionate towards Ms. Heitz.

30.     Ms. Ludwig also provided Plaintiff with a contact number for Defendant's Corporate Compliance, and advised Plaintiff should contact them with regard to the discriminatory treatment Plaintiff was being subjected to and/or witnessing at Defendant.

31.     In addition, Defendant is mandated by the state to perform a "Behavioral Health Checklist," as a result of a patient death.

32.     Notably, Ms. Ruiz and Mr. Chambers expected Plaintiff, and other employees of Defendant, to falsify documents when needed, to ensure Defendant was in compliance with the aforementioned Behavioral Health Checklist.

33.     On or about October 6, 2020, Plaintiff contacted Defendant's Corporate Compliance via telephone, and spoke with Corporate Compliance Officer, Susan Schollenberger ("Ms. Schollenberger").

34.     During this call, Plaintiff advised Ms. Schollenberger of her concerns in regard to being required to falsify documents for Defendant's state mandated Behavioral Health Checklist, and concerns regarding Defendant's Moderate Sedation Program.

6

35.     Plaintiff was advised by Ms. Schollenberger that Corporate "[doesn't] expect you to falsify documentation."

36.     Plaintiff informed Ms. Schollenberger that Defendant's management expects employees to falsify documents, with the threat of adverse employment actions being taken if failing to do so.

37.     Additionally, Plaintiff advised Ms. Schollenberger of the hostile work environment she was being subjected to at Defendant's workplace.

38.     Further, Plaintiff advised Ms. Schollenberger that "I'm fifty-five (55) and I've been doing this for a long time and I'm being unjustly harassed."

39.     Upon information and belief, approximately seven (7) other employees complained to Corporate Compliance that same week, regarding falsifying documents for Defendant's state mandated Behavioral Health Checklist.

40.     Subsequently, on or about October 12, 2020, Defendant's management staff were called to Defendant's Human Resources Department to discuss the Corporate Compliance findings.

41.     Shortly thereafter, on or about October 14, 2020, Plaintiff was abruptly terminated from employment with Defendant.

42.     During her termination, Plaintiff was told the reason for her termination was because her "services [were] no longer required."

43.     It is believed and therefore averred that Defendant willfully violated Plaintiff's rights protected under the Pennsylvania Whistleblower Law for terminating Plaintiff in retaliation for her making a good faith complaint of wrongdoing.

44.     It is further believed and therefore alleged that Defendant willfully violated Pennsylvania public policy by terminating Plaintiff because Plaintiff refused to engage in illegal activity.

45.     It is additionally believed and therefore averred that Defendant terminated Plaintiff on the basis of her age and/or in retaliation for making a good faith complaint of age discrimination in violation of the ADEA.

46.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**PENNSYLVANIA WHISTLEBLOWER LAW, 43 P.S. § 1421, *et seq.*
RETALIATION**

47.     Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48.     Defendant is an "employer" under the Whistleblower Law because it receives Commonwealth funding through payments from state-assisted insurance programs and, as such, is a business that receives public contracts or funding from the Commonwealth or its subdivisions.

49.     The Whistleblower Law defines "wrongdoing" as "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." See 43 P.S. § 1422. As such, the aforementioned actions of Defendant that Plaintiff reported constitute wrongdoing as defined by the Whistleblower Law in

that they violate such a law, including but not limited to, 18 Pa. C.S. § 4101 and 18 Pa. C.S. § 4104.

50.     Plaintiff was terminated for making a good faith complaint of wrongdoing.

51.     The aforementioned actions of Defendant constitute a violation of the Pennsylvania Whistleblower Law ("Whistleblower Law"), 43 P.S. § 1421, *et seq.*, entitling Plaintiff to all appropriate damages and remedies available.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, compensatory damages, and lost benefits, in an amount to be determined at trial, but greater than Fifty Thousand Dollars ($50,000);

B.      Plaintiff's reasonable attorneys' fees and all costs of this action;

C.      Pre-judgment interest in an appropriate amount;

D.      Such other and further relief as is just and equitable under the circumstances; and

E.      Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA PUBLIC POLICY**
**RETALIATION**

52.     Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.     Plaintiff refused to engage in illegal activity as requested to be performed by Defendant.

54.     Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's refusal to engage in illegal activity.

55.     Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, compensatory damages, and lost benefits in an amount to be determined at trial, but greater than Fifty Thousand Dollars ($50,000);

B.     Punitive damages for Defendant's unlawful practices which were committed with malicious and reckless indifference to Plaintiff's rights;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances.

**COUNT III**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621, et seq.**
**DISCRIMINATION & RETALIATION**

56.     Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

57.     Defendant employed at least twenty (20) employees throughout its various office locations at all times material hereto.

58.     Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being above the age of forty (40) years old at the time of the unlawful discrimination.

59.     By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADEA by terminating Plaintiff on the basis of her age.

60.     In addition, it is believed and therefore averred that Defendant retaliated against Plaintiff by terminating Plaintiff because of her good faith complaint of age discrimination.

61.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

62.     Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but greater than fifty thousand dollars ($50,000.00);

B.     Liquidated damages;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.     Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E.      Pre-judgment interest in an appropriate amount; and

F.      Such other and further relief as is just and equitable under the

circumstances.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By: */s/ Benjamin Salvina*
        Benjamin Salvina, Esq.
        Attorney, I.D. No. 311270
        Murphy Law Group, LLC
        Eight Penn Center, Suite 2000
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        bsalvina@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

Dated: September 14, 2021

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

DocuSign Envelope ID: F63CC14F-B131-45F2-A79F-938722D1EA0F

**VERIFICATION**

I hereby verify that the statements contained in this Second Amended Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4909, relating to unsworn falsification to authorities.

9/13/2021

Dated: _____

DocuSigned by:

EBF6546663E3414...

Dorothy Beckwith

14

David J. Freedman, Esquire
Court I.D. No. 207257
Eric M. Ondo, Esquire
Court I.D. No. 329713
126 East King Street                          *Attorneys for Defendant, Ephrata Community*
Lancaster, PA  17602                          *Hospital d/b/a WellSpan Ephrata Community*
(717) 299-5201                                *Hospital*

IN THE COURT OF COMMON PLEAS OF
LANCASTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DOROTHY BECKWITH, <br> *Plaintiff,* <br><br> v. <br><br> EPHRATA COMMUNITY HOSPITAL d/b/a WELLSPAN EPHRATA COMMUNITY HOSPITAL, <br> *Defendant.* | DOCKET NO. CI-21-02277 <br><br> CIVIL ACTION - LAW <br><br> JURY TRIAL DEMANDED |

### PRAECIPE

To:     Prothonotary

Please file the attached Verification of Jana Salaki, Senior Director of Human Resources

for Defendant WellSpan Health to the Defendants' Answer and New Matter to the Amended

Complaint, filed in this matter on August 9, 2021

BARLEY SNYDER

Dated: <u>August 9, 2021</u>                    By: */s/ David J. Freedman*
                                                   David J. Freedman, Esquire
                                                   PA Bar No. 207257
                                                   dfreedman@barley.com
                                                   Eric M. Ondo, Esquire
                                                   PA Bar No. 329713
                                                   eondo@barley.com
                                                   126 East King Street
                                                   Lancaster, PA 17602-2893

Tel: (717) 299-5201
Fax: (717) 291-4660
*Attorneys for Defendant Ephrata*
*Community Hospital d/b/a WellSpan*
*Ephrata Community Hospital*

IN THE COURT OF COMMON PLEAS OF
LANCASTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DOROTHY BECKWITH,<br>*Plaintiff,*<br><br>v.<br><br>EPHRATA COMMUNITY HOSPITAL d/b/a<br>WELLSPAN EPHRATA COMMUNITY<br>HOSPITAL,<br>*Defendant.* | DOCKET NO. CI-21-02277<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

### VERIFICATION

I, Jana Salaki, verify that I am authorized to execute this Verification on behalf of Ephrata

Community Hospital d/b/a WellSpan Ephrata Community Hospital, and that the facts set forth in

the foregoing Answer with New Matter are true and correct to the best of my knowledge,

information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.

§4904, relating to unsworn falsification to authorities.

Dated: August 9, 2021                    By: _Jana Salaki_
                                             Jana Salaki,
                                             Senior Director of Human Resources for
                                             WellSpan Health (East Region & VNA)

8685030.2

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed*****
Aug 09 2021 03:32PM
Latasha White

**BARLEY SNYDER**
**David J. Freedman, Esquire**
**Court I.D. No. 207257**
**Eric M. Ondo, Esquire**
**Court I.D. No. 329713**
**126 East King Street**
**Lancaster, PA 17602**
**(717) 299-5201**

*Attorneys for Defendant, Ephrata Community*
*Hospital d/b/a WellSpan Ephrata Community*
*Hospital*

IN THE COURT OF COMMON PLEAS OF
LANCASTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DOROTHY BECKWITH,<br>*Plaintiff,*<br><br>v.<br><br>EPHRATA COMMUNITY HOSPITAL d/b/a<br>WELLSPAN EPHRATA COMMUNITY<br>HOSPITAL,<br>*Defendant.* | DOCKET NO. CI-21-02277<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

## NOTICE OF APPEARANCE

TO THE CLERK:

    Kindly enter the appearance of Eric M. Ondo, Esquire, as counsel, on behalf of

Defendant in the above matter.  Please serve all papers at 126 E. King Street, Lancaster, PA

17602, via email at eondo@barley.com or electronic filing.

                         BARLEY SNYDER LLC

Dated: August 9, 2021             By: */s/ Eric M. Ondo*
                              David J. Freedman, Esquire
                              PA Bar No. 207257
                              dfreedman@barley.com
                              Eric M. Ondo, Esquire
                              PA Bar No. 329713
                              eondo@barley.com
                              126 East King Street
                              Lancaster, PA 17602-2893
                              Tel: (717) 299-5201

Fax: (717) 291-4660
*Attorneys for Defendant Ephrata*
*Community Hospital d/b/a WellSpan*
*Ephrata Community Hospital*

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed*****
Aug 09 2021 01:49PM
Latasha White

**BARLEY SNYDER**
**David J. Freedman, Esquire**
**Court I.D. No. 207257**
**Eric M. Ondo, Esquire**
**Court I.D. No. 329713**
**126 East King Street**
**Lancaster, PA  17602**
**(717) 299-5201**

*Attorneys for Defendant, Ephrata Community*
*Hospital d/b/a WellSpan Ephrata Community*
*Hospital*

IN THE COURT OF COMMON PLEAS OF
LANCASTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DOROTHY BECKWITH,<br>*Plaintiff,*<br><br>v.<br><br>EPHRATA COMMUNITY HOSPITAL d/b/a<br>WELLSPAN EPHRATA COMMUNITY<br>HOSPITAL,<br>*Defendant.* | DOCKET NO. CI-21-02277<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

**ANSWER WITH NEW MATTER TO THE AMENDED COMPLAINT**

Defendant Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital

("Defendant"), by and through its undersigned counsel, responds to the Amended Complaint by

stating the following:

1.      Denied.  The allegations of paragraph 1 of the Amended Complaint constitute a

description of Plaintiff's liability theories in this action.  Accordingly, Defendant is not required

to provide a response to that paragraph.  To the extent the Court deems such a response required,

Defendant denies that it has violated the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et*

*seq.*, or Pennsylvania public policy.

**PARTIES**

2.      Admitted, upon information and belief.

8685030.2

3.     Admitted.

## JURISDICTION AND VENUE

4.     Defendant incorporates its responses to Paragraphs 1-3 above, as if set forth fully here.

5.     Admitted.

6.     Denied.  The allegation in this paragraph constitutes a conclusion of law to which no responsive pleading is required, and Defendant therefore denies Plaintiff's allegation.  To the extent that a response is required, Defendant admits only that Plaintiff filed her initial Complaint on April 12, 2021.

7.     Admitted in part, denied in part.  Plaintiff's allegation regarding jurisdiction constitutes a conclusion of law to which no responsive pleading is required, and Defendant therefore denies Plaintiff's allegation.  To the extent that a response is required, Defendant admits that it is a Pennsylvania non-profit entity that operates in Pennsylvania.

8.     Admitted in part, denied in part.  Plaintiff's allegation regarding venue constitutes a legal conclusion to which no responsive pleading is required, therefore Defendant denies Plaintiff's allegation.  To the extent that a response is required, Defendant admits that it maintains a place of business in Lancaster County, Pennsylvania.  Defendant specifically denies that it engaged in any unlawful conduct with respect to Plaintiff.

## FACTUAL ALLEGATIONS

9.     Defendant incorporates its responses to Paragraphs 1-8 above, as if set forth fully here.

10.     Admitted with clarification.  Defendant admits that Plaintiff's first day of work was April 1, 2019, as a Clinical Nurse I with Defendant's Emergency Department.

NO. CI-20-08532

11.    Denied.  Plaintiff received an overall score of 250.0/300.0 at her yearly performance review on April 1, 2020. However, Plaintiff's work performance steadily and swiftly declined beginning on or about December 17, 2019—when Defendant received her first corrective action for missing mandatory training—through her termination on October 14, 2020. In fact, Plaintiff repeatedly received discipline for violating Defendant's polices and for refusing to complete mandatory training.

12.    Admitted in part, denied in part.  Defendant admits that it sets a threshold for "BH" or behavioral health safety checks for its Emergency Department. These BH safety checks are completed by the Emergency Department nurses to ensure that all ligatures are cleared from a patient's room if the patient potentially poses a risk for self-harm.  BH safety checks must be completed within 30 minutes of arrival and must be documented.  Defendant's Emergency Department set its own threshold for BH checks at 75% during Plaintiff's employment. The remaining allegations are denied.

13.    Denied. Defendant denies that Ms. Ruiz and Ms. Chambers expected Plaintiff or other employees of Defendant to falsify documents. In fact, Defendant prohibits such falsification.

14.    Admitted.

15.    Denied.  Upon reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraphs, and therefore, the allegations are denied and Defendant demands strict proof thereof.

16.    Denied.  Upon reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraphs, and therefore, the allegations are denied and Defendant demands strict proof thereof.

3

NO. CI-20-08532

17.    Denied.  Upon reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraphs, and therefore, the allegations are denied and Defendant demands strict proof thereof.

18.    Denied.  Upon reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraphs, and therefore, the allegations are denied and Defendant demands strict proof thereof.

19.    Denied. Defendant denies that approximately seven other employees complained to Corporate Compliance the same week regarding falsifying Behavioral Health Checklists.

20.    Denied. Defendant denies that on October 12, 2020, Defendant's management were called to Defendant's Human Resources Department to discuss Corporate Compliance findings.

21.    Admitted in part, denied in part.  Defendant admits that Plaintiff was terminated on October 14, 2020. Defendant denies that Plaintiff's termination was abrupt. In fact, Plaintiff received numerous warnings and corrective actions in the months leading up to her ultimate termination.

22.    Denied.  Defendant terminated Plaintiff for violating Defendant's policies.

23.    Denied.  Defendant terminated Plaintiff for violating Defendant's policies.

24.    Denied.  Defendant terminated Plaintiff for violating Defendant's policies.

25.    Denied. Defendant denies that it has violated the Whistleblower Law (or any other law), that Plaintiff has suffered the damages she alleges, or that Plaintiff is entitled to the remedies she seeks.

### COUNT I

4

NO. CI-20-08532

## PENNSYLVANIA WHISTLEBLOWER LAW, 43 P.S. § 1421, *et seq.*,
## RETALIATION

26.     Defendant incorporates its responses to paragraphs 1-25 above, as if set forth fully here.

27.     Denied.  The allegations in paragraph 27 constitute legal conclusions to which no responsive pleading is required, and Defendant therefore denies that it is an "employer" as that term is used in the Whistleblower Law.

28.     Denied.  The allegations in paragraph 28 purport to characterize a portion of the legal requirements of the Whistleblower Law and constitute legal conclusions to which no responsive pleading is required, and Defendant therefore denies Plaintiff's characterizations.  By way of further response, Defendant denies that it committed any wrongdoing as defined by the Whistleblower Law.  Defendant further denies that it violated any law with respect to Plaintiff, including but not limited to, 18 Pa. C.S. § 4101 and 18 Pa. C.S. § 4104.

29.     Denied.  Defendant terminated Plaintiff for violating Defendant's policies.

30.     Denied.  Defendant denies that it has violated the Whistleblower Law (or any other law), that Plaintiff has suffered the damages she alleges, or that Plaintiff is entitled to the remedies she seeks.

WHEREFORE, Defendant denies that it engaged in any unlawful conduct with respect to Plaintiff and denies that she is entitled to any of the relief that she seeks.

## COUNT II
## PENNSYLVANIA PUBLIC POLICY
## RETALIATION

31.     Defendant incorporates its responses to paragraphs 1-30 above, as if set forth fully herein.

8685030.2

32.     Denied.  Defendant never requested that Plaintiff engage in any illegal activity.

33.     Denied.  Defendant terminated Plaintiff for violating Defendant's policies.

34.     Denied.  Defendant terminated Plaintiff for violating Defendant's policies.

WHEREFORE, Defendant denies that it engaged in any unlawful conduct with respect to Plaintiff and denies that she is entitled to any of the relief that she seeks.

<h3 align="center">NEW MATTER</h3>

35.     Defendant incorporates its responses to paragraphs 1-34 above, as if set forth fully here.

36.     The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.  Specifically, Plaintiff has not alleged that Defendant actually violated a specific statute, regulation, ordinance, or code of conduct or ethics, as required to demonstrate an actual violation of the Whistleblower Law. *See McAndrew v .Bucks County Bd. of Comm'rs*, 183 F. Supp.3d 713, 743 (E.D. Pa. 2016) (granting summary judgment to employer because the plaintiff failed to demonstrate that an actual violation occurred).

37.     Defendant is not an "employer" or a "public body" subject to the Whistleblower Law. *See* 43 P.S. § 1423(a) (defining an "employer" as a "public body" or any other entity "which receives money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body").

38.     Defendant denies that it is guilty of any action or omission that would permit Plaintiff to recover from Defendant.

39.     At all times relevant, Defendant exercised reasonable care to prevent and correct promptly any allegedly retaliatory behavior by virtue of an employee complaint procedure that provides for a prompt, objective, and orderly manner for resolving employee complaints.

6

NO. CI-20-08532

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to avoid harm otherwise.

40.    The Pennsylvania Whistleblower Law requires a person bringing an allegation to show by a preponderance of the evidence that she made or was about to make a good faith report of wrongdoing by the employer prior to the alleged retaliation. *See* 43 P.S. § 1424(b).

41.    "Good faith report" means "a report of … wrongdoing or waste which is made without malice or consideration of personal benefit and which the person making the report has reasonable cause to believe is true." *See* 43 P.S. § 1422.

42.    A report made in bad faith does not bar an employer from taking disciplinary action against the employee who made the report. *See* 43 P.S. § 1422.

43.    An employer accused of violating the Pennsylvania Whistleblower law may, as a defense, show that the disciplinary action "occurred for separate and legitimate reasons, which are not merely pretextual." *See* 43 P.S. § 1424(c).

44.    Defendant did not make any decision regarding Plaintiff's employment based on Plaintiff's alleged report of wrongdoing.

45.    Defendant repeatedly disciplined and counseled Plaintiff for various incidents in the months leading up to her termination, including, for the following: missing mandatory trainings and meetings; failing to comply with Defendant's mandatory moderate sedation policies and procedures; and failure to properly document patient care procedures regarding moderate sedation and BH safety checks..

46.    Plaintiff received corrective action notices (formal discipline notices) on December 17, 2019, June 1, 2020, August 17, 2020, September 23, 2020, and October 14, 2020. Plaintiff also received an additional final warning letter on October 6, 2020.

7

8685030.2

47. In addition to these corrective action notices, Plaintiff's supervisors repeatedly encouraged Plaintiff to complete her mandatory training, and actually granted Plaintiff several extensions of time to complete the mandatory training.

48. Plaintiff failed to adhere to Defendant's policies, refused to complete mandatory training, and failed address concerns with her work performance.

49. Defendant ultimately terminated Plaintiff because she failed to complete mandatory training that exists to ensure Defendant's patients receive adequate care.

50. Plaintiff's refusal to remedy her shortcomings detailed in this New Matter constitutes a separate and legitimate reason for her termination.

51. Instead of complying with Defendant's policies, Plaintiff made a bad faith report alleging fraud and falsification of records against Defendant.

52. Defendant never directed Plaintiff to falsify any documents or records, including documentation of BH safety checks.

53. Moreover, Defendant's corporate compliance office has no records of seven other employees lodging complaints about falsifying documents, as Plaintiff alleges.

54. Plaintiff never reported any alleged violations of Pennsylvania law to Defendant.

WHEREFORE, Defendant Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital respectfully requests this Honorable Court enter judgment in its favor and against Plaintiff.

**BARLEY SNYDER, LLP**

Date: August ⁷ , 2021

David J. Freedman, Esquire

8

NO. CI-20-08532

PA Bar No. 207257
dfreedman@barley.com
Eric M. Ondo, Esquire
PA Bar No. 329713
eondo@barley.com
126 East King Street
Lancaster, PA  17602
Tel: (717) 299-5201
Fax: (717) 291-4660
*Attorneys for Defendant Ephrata Community*
*Hospital d/b/a WellSpan Ephrata Community*
*Hospital*

NO. CI-21-02277

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer with New

Matter to the Amended Complaint of Defendant Ephrata Community Hospital d/b/a WellSpan

Ephrata Community Hospital has been served this $\frac{7th}{}$ day of August, 2021, by email as

indicated below upon:

> Benjamin Salvina, Esquire
> Michael Murphy, Esquire
> Murphy Law Group, LLC
> Eight Penn Center, Suite 2000
> 1628 John F. Kennedy Blvd.
> Philadelphia, PA 19103
> Tel: (267) 273-1054
> *Plaintiff's Attorneys*

BARLEY SNYDER, LLP

BY: _____

> David J. Freedman, Esquire
> PA Bar No. 207257
> dfreedman@barley.com
> Eric M. Ondo, Esquire
> PA Bar No. 329713
> eondo@barley.com
> 126 East King Street
> Lancaster, PA 17602-2893
> Tel: (717) 299-5201
> Fax: (717) 291-4660
> *Attorneys for Defendant Ephrata*
> *Community Hospital d/b/a WellSpan*
> *Ephrata Community Hospital*

8685030.2

NO. CI-21-02277

**BARLEY SNYDER**
**David J. Freedman, Esquire**
**Court I.D. No. 207257**
**Eric M. Ondo, Esquire**
**Court I.D. No. 329713**
**126 East King Street**                    *Attorneys for Defendant, Ephrata Community*
**Lancaster, PA 17602**                     *Hospital d/b/a WellSpan Ephrata Community*
**(717) 299-5201**                          *Hospital*

---

## IN THE COURT OF COMMON PLEAS OF
## LANCASTER COUNTY, PENNSYLVANIA

---

| | |
|---|---|
| DOROTHY BECKWITH,<br>*Plaintiff,*<br><br>v.<br><br>EPHRATA COMMUNITY HOSPITAL d/b/a<br>WELLSPAN EPHRATA COMMUNITY<br>HOSPITAL,<br>*Defendant.* | DOCKET NO. CI-21-02277<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

---

## NOTICE TO PLEAD

---

TO: Dorothy Beckwith
c/o Benjamin Salvina, Esquire
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103

YOU ARE HEREBY NOTIFIED to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

BARLEY SNYDER, LLP

Date: August 5 , 2021          BY: _____

David J. Freedman, Esquire

8685030.2

NO. CI-21-02277

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Barley Snyder, LLP</u>

Signature:

Name: <u>David J. Freedman, Esquire</u>

Attorney No. <u>207257</u>

8685030.2

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed*****
Aug 09 2021 01:46PM
Latasha White

**BARLEY SNYDER**
**David J. Freedman, Esquire**
**Court I.D. No. 207257**
**Eric M. Ondo, Esquire**
**Court I.D. No. 329713**
**126 East King Street**
**Lancaster, PA 17602**
**(717) 299-5201**

*Attorneys for Defendant, Ephrata Community*
*Hospital d/b/a WellSpan Ephrata Community*
*Hospital*

---

IN THE COURT OF COMMON PLEAS OF
LANCASTER COUNTY, PENNSYLVANIA

---

| | |
|---|---|
| DOROTHY BECKWITH, *Plaintiff,* | DOCKET NO. CI-21-02277 |
| v. | CIVIL ACTION - LAW |
| EPHRATA COMMUNITY HOSPITAL d/b/a WELLSPAN EPHRATA COMMUNITY HOSPITAL, *Defendant.* | JURY TRIAL DEMANDED |

---

## NOTICE OF APPEARANCE

TO THE CLERK:

Kindly enter the appearance of David J. Freedman, Esquire, as counsel, on behalf of

Defendant in the above matter.  Please serve all papers at 126 E. King Street, Lancaster, PA

17602, via email at dfreedman@barley.com or electronic filing.

BARLEY SNYDER LLC

Dated: August 8, 2021

By: */s/ David J. Freedman*
    David J. Freedman, Esquire
    PA Bar No. 207257
    dfreedman@barley.com
    Eric M. Ondo, Esquire
    PA Bar No. 329713
    eondo@barley.com
    126 East King Street
    Lancaster, PA 17602-2893
    Tel: (717) 299-5201

Fax: (717) 291-4660
*Attorneys for Defendant Ephrata*
*Community Hospital d/b/a WellSpan*
*Ephrata Community Hospital*

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed*****
Jul 07 2021 01:29PM
Latasha  White

**MURPHY LAW GROUP, LLC**
By: Benjamin Salvina, Esquire
Attorney, I.D. No. 311270
Michael Murphy, Esquire
Attorney I.D. No.  91262
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com

Attorneys for Plaintiff, Dorothy Beckwith

| | | |
|---|---|---|
| DOROTHY BECKWITH | : | **Lancaster County** |
| 1 E Main Street 1, Apt. 2 | : | **Court of Common Pleas** |
| Mountville, PA 17554 | : | **Civil Division** |
| | : | |
| Plaintiff, | : | Civil Action No.: CI-21-02277 |
| | : | |
| v. | : | |
| | : | |
| EPHRATA COMMUNITY HOSPITAL d/b/a | : | |
| WELLSPAN EPHRATA COMMUNITY | : | |
| HOSPITAL | : | |
| 169 Martin Ave | : | |
| Ephrata, PA 17522 | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and in filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LANCASTER COUNTY BAR ASSOCIATION**
**28 E Orange Street**
**Lancaster, PA 17602**
**(717) 393-0737**

1

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

**MURPHY LAW GROUP, LLC**
By: Benjamin Salvina, Esquire
Attorney, I.D. No. 311270
Michael Murphy, Esquire
Attorney I.D. No. 91262
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com                    Attorneys for Plaintiff, Dorothy Beckwith

| | | |
|---|---|---|
| DOROTHY BECKWITH | : | **Lancaster County** |
| 1 E Main Street 1, Apt. 2 | : | **Court of Common Pleas** |
| Mountville, PA 17554 | : | **Civil Division** |
| | : | |
| Plaintiff, | : | Civil Action No.: CI-21-02277 |
| v. | : | |
| | : | |
| EPHRATA COMMUNITY HOSPITAL | : | |
| WELLSPAN EPHRATA COMMUNITY | : | |
| HOSPITAL | : | |
| 169 Martin Ave | : | |
| Ephrata, PA 17522 | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------------------

## AMENDED COMPLAINT – CIVIL ACTION

Plaintiff, Dorothy Beckwith ("Plaintiff"), by and through her undersigned attorney, for her Amended Complaint against Defendant, Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital. ("Defendant"), alleges as follows:

1.      Plaintiff initiates this action contending that Defendant violated her rights protected under the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.,* by wrongfully discharging Plaintiff for making good faith reports and/or complaints of wrongdoing by Defendant.  In addition, Plaintiff avers that Defendant violated Pennsylvania public policy by discharging Plaintiff for refusing to engage in illegal activity.

2

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

### PARTIES

2.      Plaintiff Dorothy Beckwith, is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1 E Main Street 1, Apt. 2., Mountville, PA 17554.

3.      Defendant Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital, is a non-profit entity with a registered office address in the Commonwealth of Pennsylvania, where it maintains a place of business located at 169 Martin Ave, Ephrata, PA 17522.

### JURISDICTION AND VENUE

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      Plaintiff initiated this action by filing a Civil Action Complaint ("Initial Complaint"), against Defendant on April 12, 2021

6.      Plaintiff's Initial Complaint was filed within the statutory time frame applicable to her Complaint.

7.      This Court has jurisdiction over this action pursuant to 42 Pa. C.S.A. § 931 as Defendant is a non-profit entity that resides in and regularly conducts business in the Commonwealth of Pennsylvania.

8.      Venue in this Court is proper pursuant to 42 Pa. R.C.P. §§ 1006(b), 2179(a) because Defendant maintains a place of business in Lancaster County and Plaintiff's claims arise from adverse action(s) and occurrence(s) that took place in Lancaster County.

### FACTUAL ALLEGATIONS

9.      Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

10.     Defendant hired Plaintiff on or about April 1, 2019, in the position of Nurse in Defendant's Emergency Department.

11.     At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no justifiable discipline.

12.     By way of background, Defendant is mandated by the state to perform a "Behavioral Health Checklist," as a result of a patient death.

13.     Notably, Defendant's Manager, Kristy Ruiz ("Ms. Ruiz"), and Director of Emergency Services, Ori Chambers ("Mr. Chambers"), expected Plaintiff, and other employees of Defendant, to falsify documents when needed, to ensure Defendant was in compliance with the aforementioned Behavioral Health Checklist.

14.     On or about October 6, 2020, Plaintiff contacted Defendant's Corporate Compliance via telephone, and spoke with Corporate Compliance Officer, Susan Schollenberger ("Ms. Schollenberger").

15.     During this call, Plaintiff advised Ms. Schollenberger of her concerns in regard to being required to falsify documents for Defendant's state mandated Behavioral Health Checklist, and concerns regarding Defendant's Moderate Sedation Program.

16.     Plaintiff was advised by Ms. Schollenberger that Corporate "[doesn't] expect you to falsify documentation."

17.     Plaintiff informed Ms. Schollenberger that Defendant's management expects employees to falsify documents, with the threat of adverse employment actions being taken if failing to do so.

18.     Additionally, Plaintiff advised Ms. Schollenberger of the hostile work environment she was being subjected to at Defendant's workplace.

4

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

19.     Upon information and belief, approximately seven (7) other employees complained to Corporate Compliance that same week, regarding falsifying documents for Defendant's state mandated Behavioral Health Checklist.

20.     Subsequently, on or about October 12, 2020, Defendant's management staff were called to Defendant's Human Resources Department to discuss the Corporate Compliance findings.

21.     Shortly thereafter, on or about October 14, 2020, Plaintiff was abruptly terminated from employment with Defendant.

22.     During her termination, Plaintiff was told the reason for her termination was because her "services [were] no longer required."

23.     It is believed and therefore averred that Defendant willfully violated Plaintiff's rights protected under the Pennsylvania Whistleblower Law for terminating Plaintiff in retaliation for her making a good faith complaint of wrongdoing.

24.     It is further believed and therefore alleged that Defendant willfully violated Pennsylvania public policy by terminating Plaintiff because Plaintiff refused to engage in illegal activity.

25.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

COUNT I
**PENNSYLVANIA WHISTLEBLOWER LAW, 43 P.S. § 1421,** *et seq.*
<u>RETALIATION</u>

26.     Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

27.     Defendant is an "employer" under the Whistleblower Law because it receives Commonwealth funding through payments from state-assisted insurance programs and, as such, is a business that receives public contracts or funding from the Commonwealth or its subdivisions.

28.     The Whistleblower Law defines "wrongdoing" as "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." <u>See</u> 43 P.S. § 1422. As such, the aforementioned actions of Defendant that Plaintiff reported constitute wrongdoing as defined by the Whistleblower Law in that they violate such a law, including but not limited to, 18 Pa. C.S. § 4101 and 18 Pa. C.S. § 4104.

29.     Plaintiff was terminated for making a good faith complaint of wrongdoing.

30.     The aforementioned actions of Defendant constitute a violation of the Pennsylvania Whistleblower Law ("Whistleblower Law"), 43 P.S. § 1421, *et seq.*, entitling Plaintiff to all appropriate damages and remedies available.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, compensatory damages, and lost benefits, in an amount to be determined at trial, but greater than Fifty Thousand Dollars ($50,000);

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

B.     Plaintiff's reasonable attorneys' fees and all costs of this action;

C.     Pre-judgment interest in an appropriate amount;

D.     Such other and further relief as is just and equitable under the circumstances; and

E.     Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA PUBLIC POLICY**
**RETALIATION**

31.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32.     Plaintiff refused to engage in illegal activity as requested to be performed by Defendant.

33.     Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's refusal to engage in illegal activity.

34.     Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, compensatory damages, and lost benefits in an amount to be determined at trial, but greater than Fifty Thousand Dollars

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

($50,000);

B.     Punitive damages for Defendant's unlawful practices which were committed with malicious and reckless indifference to Plaintiff's rights;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances.


                              Respectfully submitted,

                              **MURPHY LAW GROUP, LLC**


                    By: */s/ Benjamin Salvina*
                        Benjamin Salvina, Esq.
                        Attorney, I.D. No. 311270
                        Murphy Law Group, LLC
                        Eight Penn Center, Suite 2000
                        Philadelphia, PA 19103
                        TEL: 267-273-1054
                        FAX: 215-525-0210
                        bsalvina@phillyemploymentlawyer.com
                        *Attorney for Plaintiff*

Dated: July 7, 2021

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

DocuSign Envelope ID: 9D9939B9-4B6F-48D0-B80A-4AF8BD2414D7

## VERIFICATION

I hereby verify that the statements contained in this Amended Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4909, relating to unsworn falsification to authorities.

Dated: _7/7/2021_

Dorothy Beckwith

10

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
Ricci M. Dehl

**MURPHY LAW GROUP, LLC**
By: Benjamin Salvina, Esquire
Attorney, I.D. No. 311270
Michael Murphy, Esquire
Attorney I.D. No. 91262
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com

**CI-21-02277**

Attorneys for Plaintiff, Dorothy Beckwith

| | | |
|---|---|---|
| DOROTHY BECKWITH | : | **Lancaster County** |
| 1 E Main Street 1, Apt. 2 | : | **Court of Common Pleas** |
| Mountville, PA 17554 | : | **Civil Division** |
| | : | |
| Plaintiff, | : | Civil Action No.: _____ |
| v. | : | |
| | : | |
| EPHRATA COMMUNITY HOSPITAL d/b/a | : | |
| WELLSPAN EPHRATA COMMUNITY | : | |
| HOSPITAL | : | |
| 169 Martin Ave | : | |
| Ephrata, PA 17522 | : | |
| | : | |
| Defendant. | : | |

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and in filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LANCASTER COUNTY BAR ASSOCIATION**
**28 E Orange Street**
**Lancaster, PA 17602**
**(717) 393-0737**

1

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
Ricci M. Dehl

**MURPHY LAW GROUP, LLC**
By: Benjamin Salvina, Esquire
Attorney, I.D. No. 311270
Michael Murphy, Esquire
Attorney I.D. No. 91262
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com

CI-21-02277

Attorneys for Plaintiff, Dorothy Beckwith

| | |
|---|---|
| DOROTHY BECKWITH<br>1 E Main Street 1, Apt. 2<br>Mountville, PA 17554 | **Lancaster County**<br>**Court of Common Pleas**<br>**Civil Division** |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| EPHRATA COMMUNITY HOSPITAL<br>WELLSPAN EPHRATA COMMUNITY<br>HOSPITAL<br>169 Martin Ave<br>Ephrata, PA 17522 | |
| Defendant. | |

-----------------------------------------------------------------

### COMPLAINT – CIVIL ACTION

Plaintiff, Dorothy Beckwith ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital. ("Defendant"), alleges as follows:

1.    Plaintiff initiates this action contending that Defendant violated her rights protected under the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.,* by wrongfully discharging Plaintiff for making good faith reports and/or complaints of wrongdoing by Defendant.   In addition, Plaintiff avers that Defendant violated Pennsylvania public policy by discharging Plaintiff for refusing to engage in illegal activity.

2

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
Ricci M. Dehl

## PARTIES

2.      Plaintiff Dorothy Beckwith, is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1 E Main Street 1, Apt. 2., Mountville, PA 17554.

3.      Defendant Ephrata Community Hospital d/b/a WellSpan Ephrata Community Hospital, is a non-profit entity with a registered office address in the Commonwealth of Pennsylvania, where it maintains a place of business located at 169 Martin Ave, Ephrata, PA 17522.

CI-21-02277

## JURISDICTION AND VENUE

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      Plaintiff filed the instant action within the statutory time frame applicable to her Complaint.

6.      This Court has jurisdiction over this action pursuant to 42 Pa. C.S.A. § 931 as Defendant is a non-profit entity that resides in and regularly conducts business in the Commonwealth of Pennsylvania.

7.      Venue in this Court is proper pursuant to 42 Pa. R.C.P. §§ 1006(b), 2179(a) because Defendant maintains a place of business in Lancaster County and Plaintiff's claims arise from adverse action(s) and occurrence(s) that took place in Lancaster County.

## FACTUAL ALLEGATIONS

8.      Paragraphs 1 through 7 are hereby incorporated by reference as though the same were fully set forth at length herein.

9.      Defendant hired Plaintiff on or about April 1, 2019, in the position of Nurse in Defendant's Emergency Department.

3

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
Ricci M. Dehr

10.      At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no justifiable discipline.

11.      By way of background, Defendant is mandated by the state to perform a "Behavioral Health Checklist," as a result of a patient death.

12.      Notably, Defendant's Manager, Kristy Ruiz ("Ms. Ruiz"), and Director of Emergency Services, Ori Chambers ("Mr. Chambers"), expected Plaintiff, and other employees of Defendant, to falsify documents when needed, to ensure Defendant was in compliance with the aforementioned Behavioral Health Checklist.

CI-21-02277

13.      On or about October 6, 2020, Plaintiff contacted Defendant's Corporate Compliance via telephone, and spoke with Corporate Compliance Officer, Susan Schollenberger ("Ms. Schollenberger").

14.      During this call, Plaintiff advised Ms. Schollenberger of her concerns in regard to being required to falsify documents for Defendant's state mandated Behavioral Health Checklist, and concerns regarding Defendant's Moderate Sedation Program.

15.      Plaintiff was advised by Ms. Schollenberger that Corporate "[doesn't] expect you to falsify documentation."

16.      Plaintiff informed Ms. Schollenberger that Defendant's management expects employees to falsify documents, with the threat of adverse employment actions being taken if failing to do so.

17.      Additionally, Plaintiff advised Ms. Schollenberger of the hostile work environment she was being subjected to at Defendant's workplace.

4

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM

18.     Upon information and belief, approximately seven (7) other employees complained to Corporate Compliance that same week, regarding falsifying documents for Defendant's state mandated Behavioral Health Checklist.

19.     Subsequently, on or about October 12, 2020, Defendant's management staff were called to Defendant's Human Resources Department to discuss the Corporate Compliance findings.

CI-21-02277

20.     Shortly thereafter, on or about October 14, 2020, Plaintiff was abruptly terminated from employment with Defendant.

21.     During her termination, Plaintiff was told the reason for her termination was because her "services [were] no longer required."

22.     It is believed and therefore averred that Defendant willfully violated Plaintiff's rights protected under the Pennsylvania Whistleblower Law for terminating Plaintiff in retaliation for her making a good faith complaint of wrongdoing.

23.     It is further believed and therefore alleged that Defendant willfully violated Pennsylvania public policy by terminating Plaintiff because Plaintiff refused to engage in illegal activity.

24.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
RICCFM. Dehl

B.    Punitive damages for Defendant's unlawful practices which were

committed with malicious and reckless indifference to Plaintiff's rights;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances.


Respectfully submitted,

CI-21-02277

**MURPHY LAW GROUP, LLC**


By: */s/ Benjamin Salvina*
    Benjamin Salvina, Esq.
    Attorney, I.D. No. 311270
    Murphy Law Group, LLC
    Eight Penn Center, Suite 2000
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    bsalvina@phillyemploymentlawyer.com
    *Attorney for Plaintiff*

Dated: April 12, 2021

8

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
Ricci M. Dehl

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

CI-21-02277

9

DocuSign Envelope ID: 41BA68E3-2AEE-4DE6-A1A3-0B79DF9DA06E

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Apr 12 2021 09:35PM
Ricci M. Dehl

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the

best of my knowledge, information, and belief. I understand that false statements herein are made

subject to the penalties of 18 PA.C.S. § 4909, relating to unsworn falsification to authorities.


Dated: _____4/12/2021_____

Dorothy Beckwith

CI-21-02277

10